**Deryle Wayne MARTIN,
Plaintiff-Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Defendant-Appellee.**

No. 82–2329.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 18, 1984.

---

Jones, Jones, Baldwin, Curry & Roth, Carl R. Roth, Marshall, Tex., for plaintiff-appellant.

E. Lawrence Merriman, Longview, Tex., for defendant-appellee.

Before CLARK, Chief Judge, GEE, and RUBIN, Circuit Judges.

PER CURIAM:

Over the objections of plaintiff, and in justified reliance on *Johnson v. Penrod Drilling Co.*, 510 F.2d 234 (5th Cir.1975), the trial court excluded evidence of the effect of inflation on future damages. *Penrod* was overruled by *Culver v. Slater Boat Co.*, 688 F.2d 280 (5th Cir.1982) (en banc) (*Culver I*), which permitted the trial court to choose from several damage calculation methods reflecting the effects of inflation. On rehearing, we adjusted our holding in *Culver I* to require exclusive application of the below-market discount rate method. *Culver v. Slater Boat Co.*, 722 F.2d 114 (5th Cir.1983) (en banc) (*Culver II*).

Cases to which these principles of damages adjustment are relevant when the plaintiff is the appellant fall into three categories.

(1) Cases decided prior to our opinion in *Culver I* in which *Johnson v. Penrod Drilling Co.* was applied by the district court, without objection by the appellant: because we do not consider issues raised for the first time on appeal, *Penrod* remains applicable to these cases.

(2) Cases decided prior to our opinion in *Culver II* in which the inflation-discount issues were raised in the district court and "either a jury returned a verdict after being instructed on the basis of the principles set forth in *Culver I*, or a judge made findings of fact fixing damages pursuant to those principles," 722 F.2d at 123: because *Culver II* held it did not apply to such cases, *Culver I* is applicable.

(3) All other cases in which the inflation-discount issues were raised in the district court: *Culver II* is applicable.

The instant case was tried prior to our opinion in *Culver I* but the plaintiff objected to the application of *Penrod* principles. It therefore does not come under category (1). Because the trial court followed *Penrod* the case was submitted to the jury without consideration of inflation adjustments approved in *Culver I*. For this reason, the case cannot come under category (2). Since the case does not come under categories (1) or (2), it comes under category (3). Accordingly, we vacate the award of damages and remand for further proceedings in accord with *Culver II*, 722 F.2d at 114.

**VACATED and REMANDED.**